Samuel Rocereta (Bar No. 035983)
ROCERETA LAW, LLC
P.O. Box 826
Queen Creek, AZ 85142
Phone: (602) 757-3360
sam@fusionorthopedics.com

*Attorney for Fusion Orthopedics USA, LLC*

Corby R. Vowell (*pro hac vice to be filed*)
VOWELL LAW, PLLC
8350 N. Central Expressway, Suite 1900
Dallas, TX 75206
Phone: (817) 313-9548
corby@vowelllawfirm.com

*Attorney for Fusion Orthopedics USA, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Extremity Medical, LLC,<br><br>     Plaintiff<br><br>v.<br><br>Fusion Orthopedics, LLC,<br><br>     Defendant | Misc. Case No.<br><br>Underlying Litigation:<br>Case No. 2:22-cv-00723-PHX-GM**S**<br>Pending in District of Arizona<br><br>**FUSION ORTHOPEDICS USA, LLC'S MOTION TO QUASH EXTREMITY MEDICAL, LLC'S SUBPOENA DUCES TECUM AND SUBPOENA TO TESTIFY** |

Fusion Orthopedics USA, LLC ("FUSA"), by and through his undersigned counsel, hereby responds and objects to Plaintiff Extremity Medical, LLC's ("Extremity") Subpoena to Produce Documents ("Subpoena") as follows:

In this case, Extremity Medical filed claims for patent infringement against Fusion Orthopedics, LLC ("Fusion Ortho") in April of 2022. There have never been any claims for patent infringement or other cause of action by Extremity Medical against FUSA. If

Extremity believed it needed information from FUSA related to patent infringement, it should have sued FUSA directly, but it has not and cannot.

The subpoenas for document production and testimony to FUSA should be quashed because they seek information that is not relevant to this litigation and would be unduly burdensome to this third party. Extremity has issued a document subpoena and a deposition subpoena to FUSA, but FUSA is not a party to this litigation and any attempts to obtain information from FUSA should have been first directed to a party to the litigation. Further, Extremity Medical has asserted no claims for patent infringement or any other causes of action against FUSA. Because FUSA is a third party, it has no interest in this separate litigation between Extremity and Fusion. This entire underlying litigation is focused on Extremity Medical's claims against a wholly different entity Fusion Orthopedics, LLC. The underlying litigation was commenced by Extremity Medical in April of 2022 against Fusion Orthopedics, LLC. If Extremity Medical believed it had any claims against FUSA, it would have alleged them at the same time. Further, Extremity should not be able to get discovery against this third party FUSA in lieu of what it was able to discover in the litigation.

Now, more than three years later, Extremity is seeking to get discovery against a third party that has no relationship to this litigation. Extremity's conduct in this 3 year litigation has shown that FUSA has no relevant information from this third party FUSA.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(d)(3) governs motions to quash or modify a subpoena. More specifically, Rule 45(d)(3)(A) identifies circumstances [*5] in which a court is required to grant a motion to quash or modify the subpoena. This contrasts with Rule 45(d)(3)(B), which "identifies circumstances in which a subpoena *should be quashed* unless the party serving the subpoena shows a substantial need and the court can devise an appropriate accommodation to protect the interests of the witness." Fed. R. Civ. P. 45(c)(3)(B) advisory committee's note to the 1991 Amendment (emphasis added). Rule 45(d)(3)(A) provides in pertinent part:

2

(A) On timely motion, the issuing court must quash or modify a subpoena that

. . .

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A)(ii)-(iv).

The pertinent part of Rule 45(c) states: "A subpoena may command: production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2)(A). Federal Rule of Civil Procedure 26 is also relevant here because it defines the [*6] permissible scope of discovery, and a Rule 45 subpoena is subject to that same scope. Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment. *See also, e.g., Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003) (in considering a motion to quash a subpoena duces tecum, the court must also consider whether the subpoena "is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b)"). Rule 26(b) provides for a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

However, this mere "relevance" standard, does not apply to nonparties. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("While discovery is a valuable right and should not be unnecessarily restricted . . . , the 'necessary' restriction may be broader when a nonparty is the target of discovery."); *see also, Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery . . . require a stronger showing of relevance than for simple party discovery."). To obtain discovery from

a nonparty, a party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure. *See, e.g., Slater Steel, Inc. v. Vac-Air Alloys Corp.*, 107 F.R.D. 246, 248 (W.D.N.Y. 1985) (granting a nonparty's motion for a protective order against discovery involving entry upon land of nonparty in a fraud and contract action because the nonparty demonstrated that the information sought is highly confidential commercial matter and that disclosure would cause it significant harm).

Moreover, Rule 26(b)(2)(C) also requires courts to limit discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive and where "the burden or expense of the proposed discovery outweighs its likely benefit, considering . . . the importance of discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Here, Extremity could have, and has already, obtained any relevant evidence from Fusion Orthopedics.

## III.    ARGUMENT

FUSA has nothing to do with this litigation, and the subpoenas appear to be nothing more than harassment of a third party and fishing expeditions. The subpoenas have no relationship to Extremity's claims, Fusion's defenses, or any issues in this case.

### A.    Plaintiffs' Subpoena Requires the Disclosure of Information That Is Irrelevant to the Underlying Action

"Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). "[I]f the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed upon [a non-party] would be by definition 'undue.'" *Compaq Computer Corp. v. Packard Bell Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995).

Further, in the context of non-party subpoenas, the relevance standard is heightened. *Id.* (citing *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986) ("The standards for nonparty discovery... require a stronger showing of relevance than for simple

party discovery."). Further, in order to succeed in obtaining discovery from a non-party, "[the requesting] party must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *Id.* (quoting *R. Prasad Indus. v. Flat Iron Env't Sols. Corp.*, 2014 U.S. Dist. LEXIS 84193, 2014 WL 2804276, *2 (D. Ariz. June 20, 2014)).

The document subpoena and deposition topics in this subpoena seek irrelevant information to Extremity's patent infringement claims. *See* Exh. A (subpoenas to FUSA). First, the subpoenas seek broadly all possible information related to accused products in the litigation. There is no basis for Extremity to seek any information about the products accused by Extremity from a third party. Extremity and its counsel had to have a good faith belief in its infringement position against Fusion before it filed this litigation. There is no reason that FUSA should need to provide any additional information about the accused products, even if it had any such information.

Extremity also seeks detailed information about third party FUSA's suppliers and customers which are irrelevant to the infringement claims asserted by Extremity in this case. FUSA's list of suppliers and customers are confidential, and there is no basis for Extremity to need this confidential and trade secret information of FUSA. Further, Extremity cannot justify any of the other requests for information about FUSA's officers, employees, or other personnel. And there certainly is no reason that a third party should have to disclose its basis for selection of or hiring of its officers, employees, or other personnel.

In addition, Extremity seeks confidential information about the members of FUSA. The company is organized as a limited liability company as noted by its company name. However, it is a private company, and information about its members is also private and confidential. Extremity has shown no basis for it to need this information to support its claim for patent infringement against a party to the litigation. Extremity further seeks "articles of incorporation, bylaws, charters, member agreements, and/or any other founding and governing documents" from FUSA. This is irrelevant and has no bearing on Extremity's infringement claims.

These are just a few examples of Extremity seeking irrelevant information that has no possible bearing on its patent infringement claims against the defendant in the litigation. This alone is a reason to quash the subpoenas and enter an order of protection preventing Extremity from further harassing FUSA.

**B.    Plaintiffs' Subpoenas Seek Information More Readily Obtainable from Defendant Fusion or Public Sources**

A third-party is afforded protections from being unduly burdened from overreaching subpoenas as Extremity served on FUSA that seek information that is equally or more readily obtainable from public sources and/or a party involved in the underlying litigation. See Rule 45(d); *United States v. Planned Parenthood Fed'n of Am.*, No. 21-CV-22, 2022 U.S. Dist. LEXIS 252271, at *8 (N.D. Tex. Nov. 18, 2022) ("[C]ourts routinely . . . quash subpoenas directed to non-parties where the discovery sought is obtainable from a party to the litigation."); *see also Landmark Am.Ins. Co. v. Gargoyle Mgmt.*, No. 24-CV-38, 2024 U.S. Dist. LEXIS 240134, at *15-16 (N.D.Tex. Nov. 19, 2024) ("[I]f documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them [from a non-party]pursuant to Rule 45. . . . This is because Rule 45 subpoenas are not meant to circumvent the regular discovery process under Rules 34 and 26.") (internal citations and quotations omitted).

The first document request and deposition topic request all documents related to the current litigation. See Exh. A. The Court need go any further to understand that the information requested is either publicly available or available from the **parties** to the lawsuit. To the extent that the subpoenas seek any information that is not proprietary to FUSA, such information would be more readily ascertainable from a public source or a party to the litigation.

Extremity medical is the Plaintiff in this case and did not sue third party FUSA. Extremity had 3 years to conduct discovery in this case and never once until now did it seek any discovery against FUSA. To the extent that any of the document requests or a deposition of FUSA would be relevant, this information should have been and was sought

by Extremity during this litigation. In this litigation, defendant Fusion has continued to provide the complete information it has regarding the subject matters that are now being sought by a subpoena to a third party. Fusion provided the information it has related to FUSA that was responsive to Extremity Medical's discovery requests. Further, Fusion provided a 30(b)(6) witness that testified on all topics that Extremity sought in its first corporate deposition of Fusion back in 2023. Fusion then provided a corporate witness to address all other supplemental issues where Extremity sought additional testimony from Fusion, including any purported relationship between Fusion and FUSA. Extremity now seeks a third and fourth bite at the apple from third party FUSA in a vain fishing expedition.

### C.    Plaintiffs' Subpoena Requires Undue Burden on FUSA

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Non-party status is a significant factor to be considered in determining whether the burden imposed by a subpoena is undue." *Whitlow v. Martin*, 263 F.R.D. 507, 512 (C.D. Ill. 2009) (citations omitted). "Nonparty witnesses are powerless to control the scope of litigation and discovery, and should not be forced to subsidize an unreasonable share of the costs of a litigation to which they are not a party." *United States v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 371 (9th Cir. 1982).

The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Heilman v. Lyons*, 2010 WL 5168871, at *1 (E.D. Cal. Dec. 13, 2010). "A court may find that a subpoena presents an undue burden when the subpoena is facially overbroad." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Other district courts have even required a motion for issuance of a subpoena duces tecum to be supported by: (1) clear identification of the documents sought and from whom, and (2) a showing that the records are obtainable only through the identified third party. *See, e.g., Davis v. Ramen*, 2010 WL 1948560, *1 (E.D. Cal. 2010).

Here, the subpoenas are truly unduly burdensome to this third party. Not only is the information sought irrelevant and could be found from other sources, but the remaining information sought is extremely burdensome for this third party to search for, analyze, collect, and produce. These requests include documents and topics related to the members of this third party LLC, any hiring policies of this third party LLC, and identity of all customers and suppliers of this third party LLC. There simply is no basis for Extremity to force a third party to search for and collect documents that have no bearing on its patent infringement claims against Fusion.

Extremity's requests are also extremely intrusive and overly burdensome because they request highly confidential information without any reason. One of the most egregious examples is request/topic number 13 which requests detailed information about a third party's (FUSA) bank accounts. How is that possibly relevant to Extremity's patent infringement claims.

My understanding is that neither party to the litigation has sought <u>actual bank records</u> from the other side. Why should a third party have to produce its bank records in a litigation where neither party deems them relevant? Why has Extremity sought this information from a third party when it has not provided its own bank records in this case.? If Extremity believes this information is relevant, then perhaps it should volunteer its own bank records to FUSA in advance. FUSA cannot possibly be held to a higher standard of discovery than a party to this litigation, especially the plaintiff that filed this litigation in Federal Court.

## IV.    CONCLUSION

Fusion Orthopedics USA, LLC is not a party to this litigation, and Extremity Medical has not shown that any discovery is necessary or appropriate to be obtained from FUSA. Instead, this third party would be subject to undue burden to search for information and documents that have no relevance or, if so, could have been obtained by Extremity from a party to this lawsuit. This is unfortunately an attempt by Extremity to circumvent

the normal discovery process and to inappropriately burden a third party to obtain information that has no bearing on its patent infringement claims.

Because complying with Extremity's document and deposition subpoenas would impose an undue burden and expense on FUSA, it respectfully requests that the Court grant this Motion, quashing the subpoenas in their entirety and entering an order of protection preventing Extremity from seeking further discovery from FUSA.

DATED this August 1, 2025.

By: */s/ Samuel Rocereta*
Samuel Rocereta (Bar No. 035983)
ROCERETA LAW, LLC
P.O. Box 826
Queen Creek, AZ 85142Phone: (602) 388-1629
sam@fusionorthopedics.com

Corby R. Vowell (*pro hac vice to be filed*)
VOWELL LAW, PLLC
8350 N. Central Expressway, Suite 1900
Dallas, TX 75206
Phone: (817) 313-9548
corby@vowelllawfirm.com

*Attorneys for Defendant*
*Fusion Orthopedics USA, LLC*

**CERTIFICATE OF SERVICE**

I, Corby R. Vowell, hereby certify that on August 1, 2025 I served the foregoing document on all counsel of record via electronic mail at the e-mail address(es) set forth below:

MZinna@KelleyDrye.com
abapna@kelleydrye.com
wklain@fennemorelaw.com

/s/ Corby R. Vowell

Corby R. Vowell