Samuel Rocereta (Bar No. 035983)
ROCERETA LAW, LLC
P.O. Box 826
Queen Creek, AZ 85142
Phone: (602) 757-3360
sam@fusionorthopedics.com

*Attorney for Fusion Orthopedics USA, LLC*

Corby R. Vowell (*pro hac vice to be filed*)
VOWELL LAW, PLLC
8350 N. Central Expressway, Suite 1900
Dallas, TX 75206
Phone: (817) 313-9548
corby@vowelllawfirm.com

*Attorney for Fusion Orthopedics USA, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Extremity Medical, LLC,<br><br>    Plaintiff<br><br>v.<br><br>Fusion Orthopedics, LLC,<br><br>    Defendant | Case No. 2:25-mc-00031-GMS<br><br>Underlying Litigation:<br>Case No. 2:22-cv-00723-PHX-GM**S**<br>Pending in District of Arizona<br><br>**FUSION ORTHOPEDICS USA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO QUASH EXTREMITY MEDICAL, LLC'S SUBPOENA DUCES TECUM AND SUBPOENA TO TESTIFY** |

Fusion Orthopedics USA, LLC ("FUSA"), by and through his undersigned counsel, hereby files this Reply in Support of its Motion to Quash Extremity Medical, LLC's ("Extremity") Subpoena to Produce Documents and Subpoena to Testify ("Subpoenas").

1

## I.     INTRODUCTION

Extremity Medical only filed claims for patent infringement in this litigation against Fusion Orthopedics, LLC ("Fusion Ortho") in April of 2022. Extremity Medical has not ever filed an amended complaint in this case or other action accusing FUSA of infringing the '166 patent that was asserted against Fusion Ortho in this matter. Extremity Medical has known of FUSA and its sales of IntraLock products for more than two years back during discovery before the case was stayed. Extremity Medical did not seek discovery from third party FUSA at that time or filed a case against them in which the discovery now sought might have been appropriate. Essentially, Extremity Medical is seeking to get pre-litigation discovery against FUSA through its current case that is only against Defendant Fusion Ortho.

FUSA is a separate entity from Fusion Ortho, and the entities have no formal relationship. Extremity had the opportunity to ask questions about any relationship between the entities and any transactions between those entities on two separate occasions, a first 30(b)(6) deposition of Fusion Ortho in 2023 before the case was stayed as well as a second 30(b)(6) deposition in 2025 after the stay was lifted. Extremity Medical has already had the opportunity to obtain any information Fusion Ortho has related to the subject matter of the subpoena served on FUSA.

The subpoenas for document production and testimony to FUSA should be quashed because they seek information that is not relevant to this litigation, not proportional to the needs of the case, and would be unduly burdensome to this third party. The only potential relevance to most of the requests would potentially be successor liability, but no such claim has been raised in this case or pled by Extremity Medical. Both the document subpoena and a deposition subpoena were served on FUSA who is not a party to this litigation, and these requests should have been first directed to a party to the litigation. As a third party, FUSA has no interest in this separate litigation between Extremity and Fusion. If Extremity Medical believed patent infringement claims against FUSA, it should have alleged or pled

them earlier in the case. Otherwise, Fusion should have actually filed a separate lawsuit against FUSA to obtain damages against FUSA and gather documents and discovery.

Under, Rule 26(b)(2)(C) the Court should quash the subpoenas because "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive and where "the burden or expense of the proposed discovery outweighs its likely benefit, considering . . . the importance of discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

## II.    ARGUMENT

FUSA explained in its Motion all the reasons why the subpoenas should be quashed and addresses in this Reply the futile arguments that Extremity Medical asserts to justify its burdensome fishing expedition against third party FUSA.

### A.    Plaintiffs' Subpoenas Seek Information That is Not Relevant or Proportional to the Needs of the Case

Most of the documents and information sought by the subpoenas is irrelevant to this litigation. The requests seek information about the relationship between Fusion Ortho and a third party FUSA who has not been named as a defendant in this case. In fact, Extremity Medical has not alleged that FUSA is infringing the '166 patent or any other Extremity Medical patents. The relationship between these two entities, to the extent that there even is one, has no impact on the liability or damages issues in this case. Regardless of whether FUSA sells an IntraLock product, any such sales are outside the scope of the current litigation and pleadings filed by Extremity Medical. The subpoenas also seek information that is only potentially relevant to a claim of successor liability which has not been pled. FUSA address this issue in more detail in section B below.

Under Rule 26, in addition to being relevant, the discovery sought must also be proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Combis Sport Enter. Co. Ltd. v. Precision Shooting Equip. Inc.*, 2025 U.S. Dist. LEXIS 353653, at * 6 (D. Ariz. Aug. 15, 2025). The proportionality of the discovery requests turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1); *see also Combis Sport Enter. Co. Ltd.*, 2025 U.S. Dist. LEXIS 353653, at * 7. Here, the burden on FUSA as a third party to provide bank records, articles of incorporation, lists of all employees and decisions about hiring those employees are truly burdensome as set forth in FUSA's Motion. Furthermore, this information is in no way proportional to the needs of this patent litigation between Extremity Medical and a different entity, Fusion Ortho. Extremity Medical simply has not shown how this information is would relate to or resolve any issues in the current litigation.

**B.      Most of the Information Sought Would Only be Relevant to a Claim of Successor Liability that has not been Pled**

Extremity Medical contends that most of the information it seeks is to establish that FUSA is merely an alter ego of Fusion Ortho. See Response, at p. 8-9. This new theory by Extremity Medical and the information requested about it is solely related to whether or not FUSA has successor liability for any potential damages that can be levied against Fusion Ortho for sales of the accused products. It is important to note that Extremity Medical has never pled or alleged a successor liability claim in this case. Despite being aware of FUSA's sales of IntraLock products since 2023, Extremity Medical has not made any mention of successor liability claims in pleadings or discovery. Extremity Medical has still not pled successor liability even mentioned it in the current pleadings.

The general rule is that a company such as FUSA has no successor liability on behalf of a predecessor entity, such as Fusion. Extremity Medical has not alleged and has no evidence that FUSA ever entered into an agreement to assume the liabilities of Fusion, and there are no facts to support that proposition.

Arizona, follows the general rule for successor liability is, a successor entity is not liable for the former corporation's debts and liabilities when an existing corporation sells or transfers its principal assets to that successor entity. See *A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.*, 172 Ariz. 324, 329, 836 P.2d 1034, 1039 (App. 1992); *see also Gillard*

*v. FEC Logging USA LLC,* 2018 U.S. Dist. LEXIS 106776, at *4-5 (D. Ariz. June 26, 2018) .

The successor corporation <u>only</u> has any liability if one of the following are true: (1) the successor corporation expressly or impliedly agreed to assume the liabilities of the predecessor corporation; (2) the alleged transactions between the two companies amounted to a consolidation or merger of the corporations; (3) the successor corporation is a mere continuation or reincarnation of the predecessor corporation; or (4) clear and convincing evidence shows that the transfer of assets from the predecessor corporation to the successor corporation was for the fraudulent purpose of escaping debt liability. *A.R. Teeters*, 172 Ariz. at 329; *Gillard,,* 2018 U.S. Dist. LEXIS 106776, at *4-5.

Specifically, the subpoenas seek documents related to bank accounts of FUSA (# 13), customers and suppliers of FUSA (#'s 7-8), employees of Fusion Ortho and FUSA and selection and hiring of those employees (# 9-10, 15), all members and owners of FUSA (# 11), articles of incorporation (# 14). Aside from being burdensome for a third party to produce such information, these documents and topics have no other relevance to the claims by Extremity Medical in this case, other than potentially successor liability. However, Extremity Medical would first have to plead successor liability for the information it seeks in the subpoena to even be remotely relevant here.

**C.    Non-Parties Not Required to Meet and Confer**

Extremity Medical's counsel also incorrectly argues that the Motion to Quash should be denied because FUSA's counsel did not meet and confer with Extremity's counsel before filing the Motion pursuant to Local Rule 7.2(j). However, this Court has made very clear that the local rule applies only to parties to the case and not to third parties such as FUSA. *Walker v. AIU Ins. Co.*, 2024 U.S. Dist. LEXIS 196065 (D. Ariz. Oct. 29, 2024). Consequently, FUSA has not violated the Local Rule. Extremity Medical frivolously asserts its position despite the Court's recent precedent squarely deciding this issue in FUSA's favor.

5

## III.    CONCLUSION

Extremity Medical has not given any plausible reasons why it should be entitled to discovery from third party Fusion Orthopedics USA, LLC. FUSA is not a party to this litigation, and Extremity Medical has established that any discovery is necessary or appropriate to be obtained from FUSA. If the subpoenas are not quashed, FUSA would be subject to undue burden to search for information and documents and produce a witness for topics that have no relevance to this case. Extremity Medical could have sought much of this information, if relevant, from Fusion Ortho during the discovery period.

Further, Extremity Medical has not alleged a successor liability claim in this case whereby any of the information sought could possibly be relevant. Nor has Extremity Medical alleged infringement by FUSA in this case. Likewise, Extremity Medical has not filed a separate action for patent infringement against FUSA.

Because complying with Extremity's document and deposition subpoenas would impose an undue burden and expense on FUSA, it respectfully requests that the Court grant this Motion, quashing the subpoenas in their entirety and entering an order of protection preventing Extremity from seeking further discovery from FUSA.

DATED this August 22, 2025.

By: */s/ Samuel Rocereta*
Samuel Rocereta (Bar No. 035983)
ROCERETA LAW, LLC
P.O. Box 826
Queen Creek, AZ 85142Phone: (602) 388-1629
sam@fusionorthopedics.com

Corby R. Vowell (*pro hac vice to be filed*)
VOWELL LAW, PLLC
8350 N. Central Expressway, Suite 1900
Dallas, TX 75206
Phone: (817) 313-9548
corby@vowelllawfirm.com

*Attorneys for Defendant*
*Fusion Orthopedics USA, LLC*

6

## CERTIFICATE OF SERVICE

I, Corby R. Vowell, hereby certify that on August 22, 2025 I served the foregoing document on all counsel of record via electronic mail at the e-mail address(es) set forth below:

MZinna@KelleyDrye.com
abapna@kelleydrye.com
wklain@fennemorelaw.com

/s/ Corby R. Vowell

Corby R. Vowell

7